United States District Court
For the Middle District of Pennsylvania

Emily Trignani-Dragani                  :
54 Kelly Street, Apartment 102          :
Danville, PA  17821                     :
                          Plaintiff     :      Jury Trial Demanded
                                        :      3:22-cv-534
v.                                      :      Judge Mehalchick
LVNV Funding, LLC                       :
6801 S. Cimarron Road, Suite 424-J      :      FILED
Las Vegas,  NV 89113                    :      HARRISBURG, PA
and                                     :
Patenaude & Felix APC                   :      APR 1 1 2022
9619 Chesapeake Drive, Suite 300        :
San Diego, CA 92123                     :      PER _____
                          Defendants    :      DEPUTY CLERK

## COMPLAINT

1.      This is an action for damages brought by Plaintiff against the Defendants for

alleged violation the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 et.

seq.


2.      Jurisdiction and venue is proper in this jurisdiction because Defendant(s)

transact(s) business here on a regular basis.

3.      Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1331-1337 and

15 USC 1692k et. seq.


4.      Venue lies in this District pursuant to 28 U.S.C. §1392(b).


5.      Plaintiff resides at or near this jurisdiction.

6.    A substantial portion of the acts, transactions, occurrences or omissions took place in this jurisdiction.

7.    Venue is proper because key witnesses maybe located in this jurisdiction.

8.    Plaintiff is Emily Trignani-Dragani, an adult individual with an address of 54 Kelly Street, Apartment 102, Danville, PA 17821.

9.    Defendants are the following business entities and persons.

    a.    LVNV Funding, LLC, a business entity with a principal place of business located at 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113.

    b.    Patenaude & Felix APC, a business entity with a principal place of business located at 9619 Chesapeake Drive, Suite 300, San Diego, CA 92123.

## COUNT ONE:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692, et. seq.

10.     All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

11.     At all relevant times mentioned in this Complaint, Plaintiff was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

12.     Prior to the commencement of this lawsuit, Plaintiff had a consumer credit account with .

13.     Said Citibank account was a consumer account which was used for Plaintiff's personal and household purposes.

14.     Said account was alleged to be delinquent by Citibank and later charged off by Citibank.

15.     After the charge off, Defendant LVNV Funding, LLC allegedly purchased and / or acquired said account from Citibank.  LVNV Funding, LLC then became the alleged assignee of the account.

16.     Shortly after Defendant LVNV Funding, LLC allegedly acquired the account, Defendant Patenaude and Felix, APC began servicing the account as a collection law firm on behalf of LVNV Funding, LLC.

17.     At all relevant times mentioned in this Complaint Defendant Patenaude and

Felix, APC, Gregg Morris and Ernest Sharif. Esquire were acting jointly and in

concert with LVNV Funding, LLC.

18.     Shortly after Defendant Patenaude and Felix, APC began servicing the

account, they brought suit against Emily Trignani-Dragani. Defendant Patenaude

and Felix, APC brought suit on the account which purportedly belonged to LVNV

Funding, LLC. The suit was brought against Emily Trignani-Dragani in the Montour

County Court of Common Pleas in Pennsylvania, Docket Number 2021-00116.

19.     During the course of such suit in Montour County, Pennsylvania, Defendant

Patenaude and Felix, APC filed an amended Complaint against Emily Trignani-

Dragani. The Amended Complaint was filed in June of 2021. Such amended

Complaint contained certain patently materially false and misleading statements,

including but not limited to the following.

    a. That LVNV Funding was the original creditor for the account which was the

       subject matter of the case in Montour County.

    b. That Emily Trignani-Dragani and LVNV Funding, LLC once had a contract

       together for money borrowed by Emily from LVNV Funding, LLC.

20.     The above referenced statements were materially false and misleading for

the following reasons.

    a. LVNV Funding LLC was not the original creditor for the account which

       was the subject matter of the case in Montour County.

    b. Emily Trignani-Dragani and LVNV Funding, LLC never had a contract

       together, and Emily Trignani-Dragani never borrowed any money from

LVNV Funding, LLC.

21.    15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

22.    15 USC 1692e of the FDCPA prohibits a debt collector from engaging in any misleading or false collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

23.    The above referenced statements made in the amended complaint filed in June of 2021 were made jointly by all Defendants. Defendants Patenaude and Felix, APC filed the Amended Complaint, and Defendant LVNV Funding, LLC verified the amended Complaint through their employee or agent as named on the verification page of the Amended Complaint.

24.    By making the above referenced materially false and patently false statements Defendants violated 15 USC 1692e of the FDCPA.

25.    The above referenced materially false and patently false statements made by the Defendants violated 15 USC 1692f of the FDCPA.

26.    Defendants' aforementioned materially and patently false statements were either made intentionally or recklessly, without sufficient review of the Amended Complaint before it was filed.

27.    Even if the above referenced patently false mistakes were made by Defendants(s) by mistake, such mistake was not bona fide or reasonable.

28.    If such mistake occurred it would likely have been the result of an unsupervised non-attorney employee who was given the authority to use an electronic signature for the attorney whose name appears on the Complaint. It is likely that no attorney reviewed the amended complaint bearing his signature, otherwise the amended complaint would not have such patiently false information.

29.    Even if the above referenced patiently false information in the amended complaint was put there by mistake, it was not a bona fide mistake or error because of the gross nature of the mistake and the likelihood that it result from non-deligable duties being delegated to a non-attorney employee.

## LIABILITY

30.    The previous paragraphs of this complaint are incorporated by reference.

31.    Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

32.    In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

33.    Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

34.    Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

35.    Any mistake made by Defendant(s) would have included a mistake of law

36.    Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

37.    At all times mentioned in this Complaint Defendants Patenaude and Felix,

APC LVNV Funding, LLC were acting jointly and in convert and and Defendant,

LVNV Funding, LLC is liable for the act(s) and / or omission(s) of Defendant

Patenaude and Felix, APC, under the doctrine of joint and several liability. See

Moses v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated

District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009;

also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management,

U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.


38.    At all times mentioned in this Complaint Defendant Patenaude and Felix,

APC was acting as an agent of LVNV Funding, LLC, and Defendant, LVNV Funding,

LLC is liable for the acts and  omissions of Defendant Patenaude and Felix, APC

under the doctrine of respondeat superior. See Moses v. Law Office of Harrison

Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District

of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group,

P.C., and Outsource Recovery Management, U.S. District Court for the Middle

District of Pennsylvania, 04-CV-1346, 2008.

## DAMAGES

39.     The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

40.     Plaintiff Emily Trignani-Dragani suffered a concrete injury and a concrete harm as a result of the materially and patently false statements made by Defendants. Plaintiff's may be listed as follows.

    a.  Postage

    b.  Stationary

    c.  Delay in processing the Montour County case.

    d.  Mental anguish, anxiety, mental distress and emotional distress related to the existence of the lingering lawsuit which contained false information about her,

41.     As a direct and proximate result of Defendant's conduct as outlined above, Plaintiff has suffered anger, frustration and emotional distress from the Defendant's misconduct, entitling Plaintiff to an award of emotional distress damages from this Honorable Court pursuant to 15 USC 1692k.

42.     It is alleged and averred that the value of such distress is worth no less than $5,000.00 or other amount to be determined by this Honorable Court.

43.     Plaintiff suffered damages of postage of no less than $1.00 to defendant the Amended Complaint filed in Montour County in June of 2021.

## OTHER RELIEF

44.     The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

45.     Plaintiff requests such other relief as this court may deem just and proper.

46.     Plaintiff demands a jury trial in this matter.

47.     Plaintiff seeks fees and costs for prosecuting this action.

48.     Plaintiff seeks such other relief as this Honorable Court deems just and proper.

Wherefore, Plaintiff prays for judgment against Defendants jointly and severally in the amount of $6,001.00 enumerated below.


$1.00 actual damages

$1,000 statutory damages

$5,000 emotional distress

_____

$6,001.00


      Plaintiff also requests such other relief as this Honorable Court deems just and proper.  Plaintiff seeks fees and costs for prosecuting this action.  Plaintiff demands a jury trial.


*Emily Trignani-Dragani*    4/4/22
Emily Trignani-Dragani    Date
Pro Se Plaintiff
54 Kelly Street, Apartment 102
Danville, PA  17821
570-293-2968
570-275-1946

EMILY TRIGNANI DRAGANI
54 KELLY STREET DANVILLE
APARTMENT 102
PENNSYLVANIA 17821.

  

RECEIVED
HARRISBURG, PA

APR 11 2022

PER_____
          DEPUTY CLERK

 

U.S. District Court
228 Walnut Street
Harrisburg, PA. 17101

