United States District Court
For the Middle District of Pennsylvania

| | | |
|---|---|---|
| Emily Trignani-Dragani | : | |
| 54 Kelly Street, Apartment 102 | : | 22-CV-00534 |
| Danville, PA  17821 | : | |
| Plaintiff | : | Jury Trial Demanded |
| v. | : | |
| LVNV Funding, LLC | : | |
| 6801 S. Cimarron Road, Suite 424-J | : | |
| Las Vegas,  NV 89113 | : | |
| and | : | |
| Patenaude & Felix APC | : | |
| 9619 Chesapeake Drive, Suite 300 | : | |
| San Diego, CA 92123 | : | |
| Defendants | : | |

**AMENDED COMPLAINT**

1. This is an action for damages brought by Plaintiff against the Defendants for alleged violation the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692 et. seq.

2. Jurisdiction and venue is proper in this jurisdiction because Defendant(s) transact(s) business here on a regular basis.

3. Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1331-1337 and 15 USC 1692k et. seq.

4. Venue lies in this District pursuant to 28 U.S.C. §1392(b).

5. Venue is proper in this jurisdiction for reasons including but not limited to the

following.

6. Key witnesses maybe located in this jurisdiction, including but not limited to Plaintiff.

7. A substantial portion of the acts, transactions, occurrences or omissions took place in this jurisdiction.

8. Plaintiff is Emily Trignani-Dragani, an adult individual with an address of 54 Kelly Street, Apartment 102, Danville, PA 17821.

9. Defendants are the following business entities and persons.

   a. LVNV Funding, LLC, a business entity with a principal place of business located at 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113.

   b. Patenaude & Felix APC, a business entity with a principal place of business located at 9619 Chesapeake Drive, Suite 300, San Diego, CA 92123.

**COUNT ONE: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692, et. seq.**

10.     All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

11.     At all relevant times mentioned in this Complaint, Plaintiff was a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

12.     Prior to the commencement of this lawsuit, Plaintiff had a consumer credit card account.

13.     The account was a consumer account which was used for Plaintiff's personal and household purposes.

14.     Said account was alleged to be delinquent by the original issuing credit card company and later charged off by such alleged creditor.

15.     After the charge off, Defendant LVNV Funding, LLC allegedly purchased and / or acquired said account from the original issuing credit card company.  LVNV Funding, LLC then became the alleged assignee of the account.

16.     Shortly after Defendant LVNV Funding, LLC allegedly acquired the account, Defendant Patenaude and Felix, APC began servicing the account as a collection law firm on behalf of LVNV Funding, LLC.

17.     At all relevant times mentioned in this Complaint Defendant Patenaude and Felix, APC, Gregg Morris and Ernest Sharif. Esquire were acting jointly and in concert with LVNV Funding, LLC.

18.     Shortly after Defendant Patenaude and Felix, APC began servicing the account, they brought suit against Emily Trignani-Dragani.  Defendant Patenaude and Felix, APC brought suit on the account which purportedly belonged to LVNV Funding, LLC.  The suit was brought against Emily Trignani-Dragani in the Montour County Court of Common Pleas in Pennsylvania, Docket Number 2021-00116.

19.     During the course of such suit in Montour County, Pennsylvania, Defendant Patenaude and Felix, APC filed an amended Complaint against Emily Trignani-Dragani.  The Amended Complaint was filed in June of 2021.  Such amended Complaint contained certain patently materially false and misleading statements, including but not limited to the following.

   a. That LVNV Funding was the original creditor for the account which was the subject matter of the case in Montour County.

   b. That Emily Trignani-Dragani and LVNV Funding, LLC once had a contract together for money borrowed by Emily Trignani-Dragani from LVNV Funding, LLC.

   c. That Emily Trignani-Dragani borrowed money from LVNV Funding, LLC.

20.     The above referenced statements were materially false and misleading for the following reasons.

   a. LVNV Funding LLC was not the original creditor for the account which was the subject matter of the case in Montour County.

b. Emily Trignani-Dragani and LVNV Funding, LLC never had a contract together, and Emily Trignani-Dragani never borrowed any money from LVNV Funding, LLC.

c. Emily Trignani-Dragani never borrowed any money from LVNV Funding, LLC.

21. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

22. 15 USC 1692e of the FDCPA prohibits a debt collector from engaging in any misleading or false collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

23. The above referenced statements made in the amended complaint filed in June of 2021 were made jointly by all Defendants. Defendants Patenaude and Felix, APC filed the Amended Complaint, and Defendant LVNV Funding, LLC verified the amended Complaint through their employee or agent as named on the verification page of the Amended Complaint.

24. By making the above referenced materially false and patently false statements Defendants violated 15 USC 1692e of the FDCPA.

25. The above referenced materially false and patently false statements made by the Defendants violated 15 USC 1692f of the FDCPA.

26. Defendants' aforementioned materially and patently false statements were either made intentionally or recklessly, without sufficient review of the Amended

Complaint before it was filed.

27.     Even if the above referenced patently false mistakes were made by Defendants(s) by mistake, such mistake was not bona fide or reasonable for reasons including but not limited to the following.

   a. The false information would likely have been the result of an unsupervised non-attorney employee who was given the authority to use an electronic signature for the attorney whose name appears on the Complaint.
   b. It is likely that no attorney reviewed the amended complaint bearing his signature, otherwise the amended complaint would not have such patiently false information.
   c. The likelihood that it result from non-deligable duties being delegated to a non-attorney employee.
   d. The gross nature of the mistake.

**LIABILITY**

28. The previous paragraphs of this complaint are incorporated by reference.

29. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

30. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

31. Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

32. Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

33. At all times mentioned in this Complaint Defendants Patenaude and Felix, APC LVNV Funding, LLC were acting jointly and in convert and and Defendant, LVNV Funding, LLC is liable for the act(s) and / or omission(s) of Defendant Patenaude and Felix, APC, under the doctrine of joint and several liability. See Moses v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

34. At all times mentioned in this Complaint Defendant Patenaude and Felix,

APC was acting as an agent of LVNV Funding, LLC, and Defendant, LVNV Funding, LLC is liable for the acts and omissions of Defendant Patenaude and Felix, APC under the doctrine of respondeat superior.  See Moses  v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

**DAMAGES**

35. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

36. As a direct result of the misconduct of Defendant(s) described in this Complaint, Plaintiff has suffered Mental anguish, anxiety, mental distress, emotional distress, frustration and anxiety related to the existence of the lingering lawsuit which contained false information about her, recoverable under 15 USC 1692k et. seq.

37. Plaintiff Emily Trignani-Dragani suffered additional concrete injury and a concrete harm as a result of the materially and patently false statements made by Defendants. Plaintiff's additional injury(ies) and harm may include but not be limited to the following.

a. Postage of no less than $1.00
b. Stationary of no less than $1.00.
c. Delay in processing the Montour County case.

**ATTORNEY FEES**

38. The previous paragraphs of this Complaint are incorporated by reference.

39. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action pursuant to 15 USC 1692k.

40. Plaintiff believes and avers that the reasonable value of Plaintiff's services is no less than $500.00 per hour.

41. Plaintiff believes and avers that Plaintiff's is entitled to reasonable attorney fees of $3,750.00 at a rate of $500.00 per hour which includes the following.

| | | |
|---|---|---|
| a. | Consultation with client and review of file | 1 hour |
| b. | Drafting, review, editing and filing answer to Montour County amended complaint | 1.5 |
| c. | Drafting, editing, review and filing complaint and related documents in this case | 3 hours |
| d. | Reasonable follow up with Defense and client | 2 hours |
| | | _____ |
| | | 6 hours |

7.5 x $500 = $3,750

42. The above stated attorney fees represent work performed up and until the filing of this Complaint as well as reasonable follow up with client and Defense.

43. Plaintiff's attorney fees continue to accrue as this case progresses.

**OTHER RELIEF**

44. The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

45. Plaintiff requests such other relief as this court may deem just and proper.

46. Plaintiff demands a jury trial in this matter.

47. Plaintiff seeks fees and costs for prosecuting this action.

48. Plaintiff seeks such other relief as this Honorable Court deems just and proper.

Wherefore, Plaintiff prays for judgment against Defendants jointly and severally in the amount of $9,751.00 enumerated below.

$1.00 actual damages

$1,000 statutory damages

$3,750 attorney fees

$5,000 emotional distress

_____

$9,751.00

Plaintiff also requests such other relief as this Honorable Court deems just and proper.  Plaintiff seeks fees and costs for prosecuting this action.  Plaintiff demands a jury trial.

/s/ Vicki Piontek                                          6/28/2022

_____                    _____
VICKI PIONTEK, ESQ.                                    Date
Attorney for Plaintiff
58 EAST FRONT STREET
DANVILLE, PA 19446
215-290-6444
Fax: 866-408-6735
vicki.piontek@gmail.com